IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

*Attorneys for Plaintiff CARLOS PENA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA,<br><br>      Plaintiff,<br><br>v.<br><br>NEW TUNG KEE NOODLE HOUSE NO. 1, INC.; BALE PROPERTIES, A GENERAL PARTNERSHIP,<br><br>      Defendants. | CASE NO.  22-cv-7594<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. *12101 et seq*.)<br><br>2.  Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq*.)<br><br>3.  Violations of the California Health and Safety Code, §§19955 *et seq.* |

Plaintiff CARLOS PENA ("Plaintiff") hereby complains of Defendants NEW TUNG KEE NOODLE HOUSE NO. 1, INC.; BALE PROPERTIES, A GENERAL PARTNERSHIP ("Defendants") as follows:

**INTRODUCTION**

1.  This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "New Tung

1  Kee Noodle House" located at or about: 264 E Santa Clara St, San Jose, California
2  ("Restaurant").
3  2.      Plaintiff is physically disabled and requires the use of a wheelchair.
4  3.      Defendants' lack of accessible facilities denies "full and equal" access required by Title
5  III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws.
6  As a result, Plaintiff has been continuously denied full and equal access to the Restaurant and has
7  been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full
8  and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law
9  and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney
10 fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5.      Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6.      **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

7.      Plaintiff is a person with physical disabilities, as defined by all applicable California and United States laws. Plaintiff has been physically disabled due to cerebral palsy and spinal fusion. As a result, Plaintiff is unable to walk and is confined to a motorized wheelchair. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate

disabled persons who require a wheelchair for mobility. Plaintiff is a resident of San Jose, California.

8. Defendants are, and at all relevant times were, the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

9. Plaintiff is informed, believes, and thereon alleges that each Defendant is and was, at all times relevant, the agent, employee, or representative of each other Defendants. Each Defendant in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course and scop of his or her actual apparent authority pursuant to such agency, or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant as principal.

10. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of herein.

## FACTUAL ALLEGATIONS

11. Defendants discriminated against Plaintiff because the Restaurant's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the California Health and Safety. Defendants have failed and refuses to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at the Restaurant.

12. The Restaurant and its facilities, including but not limited to its entrances/exits, parking, interior paths of travel, transaction counters, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of California Civil Code §§ 51 *et seq.*

13. On information and belief, the Restaurant and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  Irrespective of the Restaurant's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

14. Plaintiff has been a frequent patron at the Restaurant, having been there over a dozen times including on or about January 7, 2019; January 18, 2019; May 14, 2019; May 16, 2019; May 19, 2019; July 16, 2019; July 29, 2019; March 1, 2020; May 12, 2022; July 8, 2022; August 12, 2022; September 1, 2022; September 17, 2022; September 19, 2022; October 7, 2022; and October 20, 2022.

15. Although the Restaurant is in a convenient location, and Plaintiff enjoys the reasonably priced food, Plaintiff has always had difficulty dining at the Restaurant because the Restaurant is not accessible to him. Namely, Defendants do not provide any wheelchair accessible seating. Neither the booths nor the tables have adequate space for Plaintiff's wheelchair so that he can comfortably pull up under the table. In the past, Plaintiff was able to dine at the tables which are more accessible than the booths. On September 10, 2021, Plaintiff went to the Restaurant with his mother and noticed that the section of the Restaurant with the tables was closed off. Plaintiff told the employee that he cannot sit at the booths because they are completely inaccessible to him. Plaintiff requested that he be allowed to sit at the tables, but the employee declined the request, telling Plaintiff that the table area was not being serviced. Consequently, Plaintiff left without dining. This was extremely embarrassing.

16. Plaintiff's next visit to the Restaurant was no different. He was told by the employee that the table area was not being serviced. As a result, Plaintiff had no choice but to leave.

17. Plaintiff has returned to the Restaurant since the two previously mentioned incidents and has occasionally been able to dine at the Restaurant, although with difficulty because the tables continue to be inaccessible to him. During some of his other visits, Plaintiff found that the tables were once again unavailable, this time because they were occupied with boxes, leaving him with no choice but to leave.

18. Plaintiff has also used the customer restroom around 3-4 times in the past two years and has

since been deterred from using it because it is inaccessible to him. Specifically, the restroom door is excessively heavy, and Plaintiff had difficulty opening the door to exit the restroom. Furthermore, inside of the restroom, the floor is excessively sloped, and as a result Plaintiff had trouble stabilizing his wheelchair.

19. Despite his frustrations, Plaintiff intends to continue to dine at the Restaurant and will continue to be denied full and equal access until the Restaurant is made accessible to wheelchair users.

20. Before filing this lawsuit, Plaintiff's legal representative did an informal investigation of Restaurant. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following barriers related to Plaintiff's disabilities:

- Front entrance closes too fast
- Front entrance heavier than 5 lbs of operating pressure
- Cashier counter over 34" high
- Customer restroom does not have a sign on latch side of door
- Customer restroom door closes too fast
- Customer restroom door heavier than 5 lbs
- Customer restroom's sink pipes are not protected
- Customer restroom has vertical elevation around floor drain
- Soap dispenser higher than 40"
- Toilet paper dispenser is out of reach

These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

21. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis following the

1  filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of
2  trial as to subsequent events, according to proof.

3  22.  Defendants knew, or should have known, that these elements and policies rendered
4  Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to
5  individuals with similar mobility disabilities. Upon information and belief, Defendants have the
6  financial resources to remove these barriers and make the Restaurant accessible to persons with
7  physical disabilities. To date, however, Defendants refuse to remove those barriers or to provide
8  full and equal access to the Restaurant.

9  23.  As a result of Defendants' actions and failures to act and failure to provide disabled
10 access, Plaintiff suffered a denial of his civil rights, emotional discomfort, and denial of rights to
11 full and equal access to public accommodations, all to his general, special, and statutory damages.
12 On each such denial of access, Plaintiff has encountered barriers to full and equal access which
13 have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek
14 legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to
15 federal and state law.

16 24.  Plaintiff's goal in this suit is a positive one: to make the Restaurant fully accessible to
17 wheelchair users.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE ADA, TITLE III**

**[42 USC 12101 *et seq.*]**

21 25.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
22 allegations contained in all paragraphs of this Complaint and incorporates them herein as if
23 separately repled.

24 26.  Plaintiff was at all times relevant herein a qualified individual with a disability as defined
25 by the ADA, as he has impairments that substantially limit one or more major life activities.

26 27.  Plaintiff has reasonable grounds for believing he will be subjected to discrimination each
27 time that he may attempt to access and use the subject facilities.

28

6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

28. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7)(B).

29. The acts and omissions of Defendants set forth herein was in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq*.

30. Plaintiff alleges on information and belief that the Restaurant was designed and/or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing the Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

31. The removal of each of the barriers complained of by Plaintiff as herein alleged, was at all times herein mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to have accessible seating and an accessible restroom is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access (including accessible seating and an accessible customer restroom) do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable to remove. Also, as noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

32. Plaintiff alleges on information and belief that the Restaurant was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993, have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA.

33. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:

    a) providing benefits to the Restaurant that are unequal to that afforded to people

without disabilities;

b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant to individuals with disabilities;

c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant available through alternative methods if such methods are readily achievable.

34. On information and belief, as of the date of Plaintiff's visit to the Restaurant and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of § 12182 and § 12183 of the ADA.

35. Pursuant to the ADA, 42 U.S.C. § 12188 *et seq*., Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

36. Plaintiff seeks relief pursuant to remedies set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT

**[Cal. Civil Code 51 *et seq.*]**

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

38. Restaurant is a business establishment within the meaning of the Unruh Act. Defendants are the owners and operators of a business establishment.

39. Defendants violated the Unruh Act by their acts and omissions, as follows:

   a) Failure to construct and/or alter the Restaurant in compliance with state building code and state architectural requirements;

   b) Failure to remove known barriers to access at the Restaurant;

   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Restaurant; and Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

40. Plaintiff has experienced barriers to access at the Restaurant, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

41. Further, on information and belief, the Restaurant and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

42. These barriers to access render the Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to Plaintiff.

43. Each violation of the ADA constitutes a separate and distinct violation of California Civil

1   Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to
2   California law, including but not limited to Civil Code § 52(a).

3   44.   With respect to Defendants' violations of the Unruh Act that are not predicated on
4   violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were
5   made aware of their duties to remove barriers that prevent persons with mobility disabilities like
6   Plaintiff from obtaining full and equal access to the Restaurant. Defendants' discriminatory
7   practices and/or policies deny full enjoyment of the Restaurant to persons with physical
8   disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff
9   and other similarly disabled individuals. Accordingly, Defendants have engaged in willful
10  affirmative misconduct in violating the Unruh Act.

11  45.   Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and
12  procedures and provide fully accessible facilities to Plaintiff.

13  46.   At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence
14  should have known, that their barriers, policies and practices at their facilities violated disabled
15  access requirements and standards and had a discriminatory impact upon Plaintiff and upon other
16  persons with similar mobility disabilities, but Defendants failed to rectify the violations, and
17  presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff
18  and similarly situated persons with disabilities.

19        WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

23  47.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
24  allegations contained in all paragraphs of this Complaint and incorporates them herein as if
25  separately repled.

26  48.   Health & Safety Code §19955 provides in pertinent part:

27        The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7

10

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

(commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

49. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

50. On information and belief, portions of the Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

51. Pursuant to the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the Restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

52. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

53. The Restaurant is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

54. As a result of the actions and failure to act by Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER FOR RELIEF

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California;

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures -- including but limited to: failing to remove known architectural barriers at the Restaurant so as to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter the Restaurant in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities;

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

   a) From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b) To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at the Restaurant;

    c) To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Restaurant;

    d) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

    e) To maintain such accessible facilities once they are provided;

    f) To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Restaurant;

    g) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at the Restaurant.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. 12205; the Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure 1021.5;

7. Plaintiff requests prejudgment interest pursuant to California Civil Code 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests such other and further relief as this Court may deem just and proper.

Date: December 1, 2022                                    ALLACCESS LAW GROUP


                                                  */s/ Irene Karbelashvili*
By IRENE KARBELASHVILI, Esq.
Attorney for Plaintiff
CARLOS PENA

# JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: December 1, 2022                                    ALLACCESS LAW GROUP


                                                  */s/ Irene Karbelashvili*
By IRENE KARBELASHVILI, Esq.
Attorney for Plaintiff
CARLOS PENA

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES